**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TYLER K. SPACHT, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:26-cv-00839 |
| CREDIT CONTROL, LLC and LVNV FUNDING, LLC, | DEMAND FOR JURY TRIAL |
| Defendants. | |

<u>**COMPLAINT**</u>

NOW comes TYLER K. SPACHT ("Plaintiff"), by and through the undersigned, complaining as to the conduct of CREDIT CONTROL, LLC ("CC") and LVNV FUNDING, LLC ("LVNV") (collectively "Defendants"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.* for Defendants' unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants conduct business within, and CC is headquartered in the Eastern District of Missouri. Further, a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Missouri.

1

4.   Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(1)-(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

5.   Plaintiff is a consumer over 18 years of age residing in Mather, Pennsylvania.

6.   CC is a third-party debt collector collecting debts from consumers across the country, including from those in the state of Pennsylvania. Defendant is a limited liability company organized under the laws of the state of Missouri with its principal place of business located at 3330 Rider Trail South, Suite 500, Earth City, Missouri, within the Eastern District of Missouri.

7.   LVNV is a company that purchases portfolios of consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers. LVNV is a limited liability company organized under the laws of the state of Delaware and its principal place of business is located at 55 Beattie Place, Suite 110, Greenville, South Carolina.

8.   Defendants acted through their respective agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, third-party contractors, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.   The instant action arises out of Defendants' attempts to collect upon a purported consumer debt obligation ("subject consumer debt") said to be owed by Plaintiff to First Electronic Bank.

10.  Upon information and belief, after Plaintiff's purported default on the subject consumer debt, it was charged-off and LVNV purchased or otherwise acquired the right to collect on the debt from First Electronic Bank.

11.  Subsequently, LVNV hired CC to assist it in collection efforts directed at Plaintiff.

12. The collection efforts engaged in by CC at LVNV's behest included sending email correspondence and telephone calls to Plaintiff regarding the debt.

13. Thereafter, CC began placing debt collection phone calls to Plaintiff's personal cellular phone, (724) XXX-9963, seeking payment of the subject consumer debt.

14. At all times relevant to this instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -9963. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. CC has primarily used the phone number (757) 881-6779 when placing collection calls to Plaintiff's cellular phone but upon belief, CC has used other phone numbers as well.

16. Upon information and belief, CC regularly utilizes the above-referenced phone number during its debt collection activity.

17. CC further emailed Plaintiff regarding the debt.

18. Plaintiff spoke to CC in or around late April 2026, and was informed that Defendant was seeking to collect upon the subject debt.

19. Plaintiff further told CC that he did not want to be called via telephone regarding the debt.

20. However, CC disregarded these directions, and resumed calling Plaintiff on LVNV's behalf in May 2026.

21. Frustrated over Defendants' conduct, Plaintiff spoke to the undersigned regarding his rights, exhausting time, money, and resources.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

23. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to invasion of privacy, aggravation that accompanies collection telephone calls, emotional

3

distress, unwanted harassment, and numerous violations of his federal and state-protected interests to be free from harassing and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24.   Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692c(d) of the FDCPA.

26.   Defendants are "debt collector[s]" as defined by § 1692a(6) of the FDCPA, because they regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27.   Defendants identify themselves as debt collectors, and are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others, and is similarly a business whose principal purpose is the collection of debts.

28. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

29. LVNV is both directly liable under the FDCPA for its conduct as a debt collector, and vicariously liable for CC's violations of the FDCPA as a principal of CC.

### a.   Violations of FDCPA § 1692d *et seq.,* and 12 C.F.R. § 1006.14 *et seq.*

30. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they do not call a consumer more than 7 times over 7 consecutive days, or if they wait 7 days after communicating with a consumer before attempting another communication. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt.

32. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

33. Defendants violated 15 U.S.C. §§ 1692d & 1692d(5), as well as 12 C.F.R. §§ 1006.14(b) & 1006.14(h), through their placement of harassing phone calls to Plaintiff's cellular phone, especially following his cease and desist requests. Plaintiff plainly demanded that Defendants cease calling his cellular phone. Despite such, Defendants nevertheless continued placing phone calls seeking collection of the subject consumer debt.  Regulation F blatantly prohibits such conduct, which underscores Defendants' violations of those regulations, as well as the corresponding portions of the FDCPA. The regulations clarify that consumers who have requested calls to stop, yet nevertheless receive further calls, may state claims for repeated phone calls notwithstanding a debt collector's compliance with the presumptively reasonable frequency of calls. Furthermore, Regulation F clarifies that communicating with a consumer through a medium

5

after that consumer has requested no communications through such medium – as occurred here – constitutes harassing and oppressive conduct in and of itself. Defendants' violations of the relevant statutes and regulations caused Plaintiff harm in the form of invasion of privacy stemming from Defendants' persistence in placing unwanted phone calls to Plaintiff's cellular phone.

### b.  Violations of FDCPA § 1692e

34.  The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35.  In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).

36.  Defendants violated §§ 1692e and 1692e(10) through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendants misleadingly represented to Plaintiff that they had the lawful ability to continue contacting Plaintiff's cellular phone absent Plaintiff's consent despite the binding regulations prohibiting such conduct.

### c.  Violations of FDCPA § 1692f

37.  The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendants violated § 1692f when they unfairly and unconscionably attempted to collect on the subject consumer debt by bombarding Plaintiff with phone calls, especially after Plaintiff demanded that he not be contacted on his cellular phone.

WHEREFORE, Plaintiff, TYLER K. SPACHT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

Dated: May 28, 2026                    Respectfully submitted,

                                       s/ Nathan C. Volheim
                                       Nathan C. Volheim, Esq. #6302103
                                       *Counsel for Plaintiff*
                                       Sulaiman Law Group, Ltd.
                                       2500 South Highland Ave., Suite 200
                                       Lombard, Illinois 60148
                                       (630) 568-3056 (phone)
                                       (630) 575-8188 (fax)
                                       nvolheim@sulaimanlaw.com

7